UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:16-cv-00233 (VAB) |
| v. | : | |
| | : | |
| ROBERT J. KOELLMER, | : | APRIL 5, 2016 |
| | : | |
| Defendant. | : | |

## RULING ON MOTION TO REMAND

Defendant, Robert J. Koellmer, filed a Notice of Removal with this Court on February 12, 2016. Plaintiff, Aurora Loan Services, LLC ("Aurora"), moves to remand. For the reasons stated below, the motion to remand is GRANTED.

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). The party opposing a motion to remand bears the burden of showing that the requirements for removal are satisfied. *See United Food & Commercial Workers Union, Local 919, AFLCIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court"); *see also Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("'[T]he defendant bears the burden of demonstrating the propriety of removal'") (quoting *Grimo v. Blue Cross/Blue Shield of Vermont*, 34 F.3d 148, 151 (2d Cir. 1994)).

The removal statute permits removal of civil actions "of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). In other words, "[o]nly

1

state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

As an initial matter, Mr. Koellmer may not remove the underlying action on the basis of diversity jurisdiction because he is a citizen of the state in which the action was brought – Connecticut.  *See* Notice of Removal at 2, ECF No. 1 (underlying complaint filed in Connecticut Superior Court); Compl. at 1, ECF No. 1-2 (Mr. Koeller admitting, in purported "Complaint" attached to Notice of Removal, that he resided in Connecticut at all relevant times).  A civil action may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the action was brought.  28 U.S.C. § 1441(b)(2); *accord Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

Nor may Mr. Koellmer remove on the basis of federal question jurisdiction, because the underlying complaint presents no federal question.  *See* 28 U.S.C. § 1441(c).  To invoke federal question jurisdiction, claims must "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 392.

No federal question is presented on the face of the complaint in the underlying state court action.  *See* Notice of Removal at 2-4, ECF No. 1.  Mr. Koellmer attempts to raise a federal question by attaching to his Notice of Removal a "Complaint" that purports to add to this action claims under the Fair Debt Collection Practices Act ("FDCPA").  *See* Compl., ECF No. 1-2.

This does not suffice; the federal question must be present on the face of the complaint in the underlying action. *E.g.*, *Einhorn v. Best*, No. 10 Civ. 9377 (JSR) (JLC), 2011 WL 1046064, at *3 (S.D.N.Y. Feb. 10, 2011) (holding that defendants could not remove foreclosure action on basis of federal question jurisdiction because complaint in foreclosure action did not assert federal claim; defendants' invocation of FDCPA and other federal laws in notice of removal did not create federal question), *report and recommendation adopted*, No. 10 Civ. 9377 (JSR), 2011 WL 1046092 (S.D.N.Y. Mar. 21, 2011). As a result, the Court must remand this action. *See* 28 U.S.C. § 1447(c) (if it appears that district court lacks subject matter jurisdiction, "the case shall be remanded").

Remand also is appropriate because Mr. Koellmer has not shown that his Notice of Removal was timely. A notice of removal must be filed within 30 days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). The complaint in the underlying action was filed on June 4, 2007. *See* Notice of Removal at 2. Mr. Koellmer appeared *pro se* in the underlying action on or about October 28, 2010. See Case Detail, *Aurora Loan Servs., LLC v. Koellmer, Fortunata et al*, DBD-CV07-6000450-S, available at http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=DBDCV076000450S. Mr. Koellmer, who has not opposed Aurora's motion to remand, has not carried his burden to show that the requirements for removal are satisfied, including the deadline for filing a notice of removal, and the Court must resolve this doubt against removability, *see Purdue Pharma L.P.*, 704 F.3d at 213.

For the foregoing reasons, Aurora's Motion to Remand (ECF No. 13) is GRANTED. Mr. Koellmer's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) and Emergency

Motion to Stop Reset of Law Date (ECF No. 3) are FOUND AS MOOT.  The Clerk shall close this case.  SO ORDERED at Bridgeport, Connecticut this fifth day of April, 2016.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE